UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA FRIEDMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AMERICAN MEDICAL COLLECTION AGENCY, INC., A/K/A AMCA,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JOSHUA FRIEDMAN (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Varacalli & Hamra, LLP against Defendant AMERICAN MEDICAL COLLECTION AGENCY, INC., A/K/A AMCA (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of himself seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation

1

of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its Corporate Headquarters located at 4 Westchester Plaza, Building 4, Elmsford, NY 10523.

8. Defendant is a corporation located in New York.

9. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS PARTICULAR TO JOSHUA FRIEDMAN

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

12. Prior to July 15, 2017, an obligation was allegedly incurred by Plaintiff to Dermpath Diagnostics.

13. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

household purposes.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16. At a time known only to Defendant, DERMPATH DIAGNOSTIC, directly or through an intermediary, contracted Defendant to collect the alleged DERMPATH DIAGNOSTIC's debt.

17. In its effort to collect on same, Defendant contacted Plaintiff for the first time by written correspondence dated July 15, 2017. (**Exhibit A)**.

18. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. Said communication states that Plaintiff owes to $135.00 dollars to Dermpath Diagnositc, and provided Plaintiff with the validation notice required by §1692g.

20. Defendant sent plaintiff a second letter dated August 14, 2017, attempting to collect the debt and signaling to the Plaintiff that his time to dispute this debt has lapsed. see **Exhibit B.**

21. As set forth in the following Counts, Defendant's communications violated the FDCPA.

**COUNT I
VIOLATIONS OF THE FDCPA
15 U.S.C. §§ 1692g & e  *et seq*** 

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth

in subsections (a)(1)-(5) as follows:

> (a) ) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

25. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement, nor by other language or notices in the letter.

26. Defendant sent their first letter attempting to collect on this alleged debt, and the letter was dated July 15, 2017.

27. Plaintiff did not receive the letter on the 15th of July, a Saturday, as the letter was dated.

28. The July 15, 2017 collection letter included the required validation notice.

29. Defendant sent a second letter to Plaintiff, dated August 14, 2017, less than 30 days from the first letter, attempting to collect this alleged debt.

30. On Defendant's August 14, 2017 letter, Defendant stated "Since we have not received your payment or explanation as to why payment wasn't made, we must assume the debt in question remains undisputed. Your account continues to be subject to collection in full."

31. The August 14, 2017 letter goes on to state, "If we do not receive payment, our client has authorized us to continue our collection efforts."

32. Plaintiff received the second letter dated August 14, 2017, a Monday, within less than 30 days of receiving the first letter dated, July 15, 2017, a Saturday.

33. The plaintiff still had a few days remaining to dispute this debt, when he received the second letter dated August 14, 2017.

34. The second letter, dated August 14, 2017, overshadows the 30 day validation period because it misleads the Plaintiff into believing that his 30 day window of disputing this debt has closed, and that he will no longer be able to dispute this debt.

35. Furthermore, the second letter implies to the least sophisticated consumer that the 30 day window of disputing the date, starts ticking from the date published on the first letter, and not from the date of when he receives the first letter.

36. The second letter overshadows Plaintiff's right to dispute this debt without providing a reason, as implied by the language on the August 14, 2017 letter, "Since we have not received your payment or **explanation as to why payment wasn't made…."**

37. Furthermore, the second letter confuses the least sophisticated consumer into believing that in order to dispute this debt, he must provide a written explanation, as stated, "Since we have not received your payment or **explanation as to why payment wasn't made…."**

38. Defendant sent these letters willfully to confuse the least sophisticated consumer and to overshadow their right to dispute the debt within 30 days of receiving the initial validation notice.

39. Defendant's letters are dated exactly 30 days apart to intentionally give the image to the consumer that the 30 days have expired.

40. Defendant has violated §1692 (g).

41. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT II
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive.

45. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

46. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately provide the consumer with the right to dispute their debt within 30 days from receiving the validation notice is unfair and deceptive to the least sophisticated consumer.

48. Defendant's letter dated August 14, 2017, intentionally attempted to confuse the consumer into believing that their 30 days to dispute the debt have expired, since the first letter is dated on July 15, 2017, without taking into account when Plaintiff received each letter.

49. Furthermore, the second letter confuses the least sophisticated consumer into believing that in order to dispute this debt, he must provide a written explanation, as stated, "Since we have not received your payment or **explanation as to why payment wasn't made….**"

50. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

51. The least sophisticated consumer would likely be deceived by Defendant's conduct.

52. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

53. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

54. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (b)    Awarding Plaintiff statutory damages;

    (c)    Awarding Plaintiff actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  February 21, 2018

                   Respectfully submitted,

                   By:__/s/ Salim Katach_____
                     Salim Katach, Esq. (SK0924)
                     Varacalli & Hamra, LLP
                     32 Broadway, Suite 1818
                     New York, New York 10004
                     (646) 590-0571
                     *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  February 21, 2018

                   Respectfully submitted,

                   By:__/s/ Salim Katach_____
                     Salim Katach, Esq.